Jim Mackie, SBN 013314
Christopher M. Pastore, SBN 026340
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.,
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone: 520.544.0300
Fax: 520.544.9675
jim.mackie@ogletree.com
christopher.pastore@ogletree.com

Attorneys for Defendant Metropolitan Life Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metropolitan Life Insurance Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Susan Cunningham, Lee Bill, in his individual capacity, and Lee Bill as legal guardian of K.B., a minor, and A.B, a minor,<br><br>　　　　Defendants. | No. _____<br><br>**METROPOLITAN LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER** |

## COMPLAINT IN INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife"), for its Complaint in Interpleader, alleges as follows:

## PARTIES

1.　MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Arizona.

2.　Upon information and belief, Defendant Susan Cunningham ("Cunningham") is a surviving child of Decedent Walter Bill ("Decedent"), and resides in Richmond, Indiana.

3.　Upon information and belief, Defendant Lee Bill ("Bill") is a surviving

child of the Decedent, is a legal guardian of K.B. and A.B., and resides in Prescott, Arizona.

4. Upon information and belief, K.B. and A.B. are surviving great-grandchildren of Decedent, are minors under Arizona law, and reside in Prescott, Arizona.

## JURISDICTION AND VENUE

5. This is an interpleader action pursuant to 29 U.S.C. § 1132(e)(1) and Rule 22 of the Federal Rules of Civil Procedure. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

6. This court also has jurisdiction pursuant to 28 U.S.C. §1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to insurance benefits in Plaintiff's custody, the value of which exceeds $500. Specifically, upon information and belief, Defendant Cunningham is a resident of Indiana and Defendant Bill is a resident of Arizona. Cunningham and Bill have made adverse claims regarding entitlement to insurance benefits with a value of $13,000.

7. Venue in this District is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because one of the Defendants resides in this District.

## FACTS

8. Decedent was a participant in the BP Corporation North America, Inc. Consolidated Welfare Benefit Plan (the "Plan"), which is an employee welfare benefit group plan (Group Policy No. 12000-G) insured by MetLife. The Plan included "Life Benefits" insured by MetLife. A true and correct copy of the Plan, which includes the applicable Certificate of Insurance, is attached as Exhibit A.

9. The Plan, at pages 8-9, establishes the right of a Plan participant to name his or her beneficiary or beneficiaries, and states that benefits will be paid to the beneficiary or beneficiaries upon the participant's death.

10. Upon information and belief, Decedent died on December 30, 2017. A true and correct copy of Decedent's death certificate is attached hereto as Exhibit B.

11. At the time of his death, Decedent was enrolled in the Plan for "Life Benefits" in the total amount of thirteen thousand dollars ($13,000.00) (the "Plan Benefits"). Pursuant to the terms of the Plan, the Plan Benefits became payable to the proper beneficiary upon Decedent's death.

12. Decedent's most recent beneficiary designation was completed in writing and is dated and signed by Decedent on July 13, 2016 (the "July 2016 Designation"). The July 2016 Designation identifies Cunningham as the 100% beneficiary to the Plan Benefits. A true and correct copy of the Beneficiary Designation Form signed by Decedent on July 13, 2016 and the July 21, 2016 Beneficiary Confirmation Notice are attached hereto as Exhibit C.

13. Decedent's next most recent beneficiary designation was completed on or about February 18, 2014 (the "February 2014 Designation"). Upon information and belief, the February 2014 Designation was completed over the phone. The February 2014 Designation identifies three beneficiaries to the Plan Benefits: Lee Bill (20% beneficiary), K.B. (40% beneficiary), and A.B. (40% beneficiary). A true and correct copy of Beneficiary Confirmation Notice regarding the February 2014 Designation is attached hereto as Exhibit D.

14. Decedent's next most recent beneficiary designation was completed in October 2010 (the "October 2010 Designation"). The October 2010 Designation identifies Cunningham as the 100% beneficiary to the Plan Benefits. A true and correct copy of the Beneficiary Confirmation Notice regarding the October 2010 Designation is attached hereto as Exhibit E.

15. On or about February 12, 2018, Bill sent a letter via fax to MetLife stating that, "before he pas[sed] away," Decedent had told his great granddaughter, K.B., that he had some money that was supposed to go to her (K.B.), her sister (A.B.) and her father (Lee Bill). Bill further stated that this three way split for "the money" was originally

3

decided by the Decedent about 4 years prior, and that Bill was present while the Decedent was on the phone with BP setting up that split. Bill further stated in the letter that Decedent was diagnosed with dementia in February 2016, and that he believed it was not appropriate for his sister, Susan Cunningham, to receive the "insurance money" when it was meant for Decedent's great granddaughters (K.B. and A.B.) A true and correct copy of Bill's February 12, 2018 letter to MetLife is attached hereto as Exhibit F.

16. On or about February 14, 2018, Cunningham submitted a Life Insurance Claim Form for the Plan Benefits. A true and correct copy of Cunningham's Life Insurance Claim Form is attached hereto as Exhibit G.

17. In light of the fact that Bill's letter indicated that Decedent was diagnosed with dementia in February 2016 and, therefore, may not have been competent to change his beneficiary designation after that point in time, MetLife contacted Bill and asked him to provide documentation confirming or otherwise regarding Decedent's diagnosis of dementia. Bill informed MetLife that he did not have any documentation regarding the diagnosis.

18. In March 2018, through an administrative complaint lodged with the Indiana Department of Insurance and directed to MetLife, Cunningham claimed that she was listed as the original beneficiary of the Plan Benefits, and that Bill subsequently "persuaded" Decedent to change the beneficiaries to the Plan Benefits. According to Cunningham, after persuading Decedent to change the beneficiaries, Decedent learned that Bill was transferring money from Decedent's bank accounts, at which time Decedent submitted another beneficiary change (the July 2016 Designation), again making Cunningham the sole beneficiary. A true and correct copy of the March 2018 Insurance Complaint Form received by MetLife is attached hereto as Exhibit H.

19. On April 9, 2018, MetLife advised Defendants Bill, Susan Cunningham, and the guardian for K.B. and A.B., in writing, that they had raised adverse claims to the Plan Benefits which raised questions of fact and law that could not be resolved by MetLife. Specifically, the April 9, 2018 letter stated, in part, that:

4

> Susan Cunningham's claim is based on the beneficiary designation that was completed on July 13, 2016 naming her as the sole beneficiary. Lee Bill is disputing this designation[,] stating that [Decedent] was mentally incapable of making such a change, due to his suffering from a brain bleed and dementia starting in the year 2016. We cannot tell if the court will find that [Decedent] was mentally competent to change his beneficiary designation at this time or not.

A true and correct copy of MetLife's April 9, 2018 letter to Defendants is attached hereto as Exhibit I.

20. In the April 2018 letter, MetLife further advised Defendants that, due to the uncertainty regarding which beneficiary designation controlled, MetLife was obligated to initiate an interpleader action, but that it was first going to give Defendants the opportunity to resolve the matter in order to preserve the Plan Benefits from litigation costs and fees.

21. On or about May 1, 2018, Cunningham sent MetLife a letter stating that, "An amicable compromise cannot be reached. Please proceed with the lawsuit." A true and correct copy of Cunningham's May 1, 2018 letter is attached hereto as Exhibit J.

22. Upon information and belief, Defendants remain unable to resolve their competing claims to the Plan Benefits.

## CAUSE OF ACTION IN INTERPLEADER

23. MetLife re-alleges, as if fully set forth in this paragraph, the allegations set forth in Paragraphs 1 through 22 of this Complaint in Interpleader.

24. As a result of the facts described above, the Plan Benefits are subject to competing claims by Cunningham, on the one hand, and Lee Bill, A.B. and K.B., on the other hand. These claims are rival and conflicting.

25. If the Court determines that Decedent was mentally competent to make and submit the July 2016 Designation, and that the July 2016 Designation was not the result of any undue influence, then the Plan Benefits would be payable solely to Cunningham.

26. If the Court determines that Decedent was not mentally competent to make and submit the July 2016 Designation and/or that the July 2016 Designation was the

5

result of undue influence, then the Court would need to determine whether the February 2014 Designation is valid.

27. If the Court determines that the February 2014 Designation is valid, then the Plan Benefits would be payable to A.B. at 40%, K.B. at 40% and Bill at 20%.

28. If the Court determines that the February 2014 Designation is not valid then the October 2010 Designation will control and the Plan Benefits would be payable to Cunningham.

29. Consequently, conflicting issues of fact and law exist as to the disbursement of the Plan Benefits under the Plan.

30. MetLife is merely a disinterested stakeholder in this matter and claims no beneficial interest in the Plan Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader. MetLife has neither claim nor interest in the Plan Benefits and has not colluded with any Defendant with respect to the Plan Benefits. MetLife has filed this action in interpleader of its own free will to avoid potential multiple liability and unnecessary suits and costs. MetLife is now, and at all times has been, ready and willing to pay the Plan Benefits to the party legally entitled to them.

31. Upon permission from the Court, MetLife will deposit the Plan Benefits into the registry of the Court, in the amount of $13,000, plus any applicable interest due and owing under the terms of the Plan (or applicable law), for disbursement in accordance with the final judgment of this Court.

32. As a result of the rival claims described above, it has become necessary for MetLife to retain the services of attorneys to bring this Complaint in Interpleader, and MetLife is entitled to an award of attorneys' fees and costs reasonably incurred in bringing this action in Interpleader.

WHEREFORE, having fully pled, MetLife respectfully requests that Defendants Susan Cunningham, Lee Bill, in his individual capacity, and Lee Bill, as the legal guardian of minors A.B. and K.B., be required to appear and interplead their claims to the

6

Plan Benefits, and that the Court:

A. Issue an Order allowing MetLife to deposit the Plan Benefits, in the amount of $13,000, plus applicable interest, into the registry of the Court;

B. Order all Defendants to answer and present their respective claims to the Plan Benefits;

C. Issue an Order and Injunction restraining and enjoining all Defendants from instituting any action or proceeding in any state or federal court against MetLife for the recovery of the Plan Benefits, or any portion thereof;

D. Issue an Order and Judgment releasing and discharging MetLife and the Plan from all liability to any and all Defendants on account of any claim arising from or related to the payment of the Plan Benefits, and dismissing MetLife with prejudice from this Action;

E. Require that all Defendants litigate (or settle and agree) among themselves their claims for the Plan Benefits and have the Court determine to whom the Plan Benefits, plus any applicable interest, should be paid;

F. Award MetLife its costs and attorneys' fees in connection with this action, to be paid from the Plan Benefits prior to any distribution of said Plan Benefits to Defendants; and

G. Order such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of April, 2019.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  s/ Christopher M. Pastore
Jim Mackie
Christopher M. Pastore
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Attorneys for Plaintiff Metropolitan Life Insurance Company

7